IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALLAN LESLIE SINANAN, JR.,                )
                                          )
            Plaintiff,                    )
                                          )
    vs                                    )       Civil Action No. 1:24-0192
                                          )       Magistrate Judge Dodge
CORRECTIONS OFFICER QUINN, et al.,        )
                                          )
            Defendants.                   )

## REPORT AND RECOMMENDATION

### I.    Recommendation

It is respectfully recommended that Defendants' Partial Motion to Dismiss (ECF No. 16) be granted and that all claims against SCI Albion and Corrections Officer Quinn in his official capacity be dismissed with prejudice.

### II.   Report

Plaintiff Allan Leslie Sinanan, Jr. ("Sinanan"), a prisoner who is incarcerated in the State Correctional Institution at Albion, Pennsylvania ("SCI Albion"), brings this pro se civil rights action pursuant to 42 U.S.C. § 1983 against SCI Albion and Corrections Officer Quinn. The Complaint alleges that Sinanan was attacked by six inmates on September 28, 2022. This attack was allegedly facilitated by Defendant Quinn in violation of Sinanan's rights under the Eighth Amendment to the United States Constitution.

Pending before the Court is Defendants' partial motion to dismiss in which they seek dismissal of all claims asserted against SCI Albion and all claims against Quinn in his official capacity based on Eleventh Amendment immunity. For the reasons discussed below, their motion should be granted.

## A. <u>Procedural History</u>

Sinanan initiated this case by submitting a Complaint without paying the filing fee or submitting a motion to proceed in forma pauperis. He subsequently paid the filing fee and the Complaint was docketed on July 19, 2024 (ECF No. 5). On December 23, 2024, Defendants filed a partial motion to dismiss (ECF No. 16), which has been fully briefed (ECF Nos. 17, 29).

## B. <u>Facts Alleged in Complaint</u>

Sinanan alleges that on September 28, 2022, while incarcerated at SCI Albion, he was attacked by six inmates after a dispute arose about extra trays in inmates' cells. According to Sinanan, Quinn, the block officer on the CA-Unit, facilitated this attack by unlocking the door to his cell. Sinanan alleges that a video that recorded the incident substantiates these events and a hearing officer dismissed a misconduct that had been lodged against him because the video showed three inmates entering his cell. (Compl. Memo. at 2 (ECF No. 5-1); Ex. H (ECF No. 5-9).) Quinn allegedly refused to get him medical treatment after the attack, claiming that there was "nothing wrong with you I'm not getting medical involved." (Compl. Memo. at 4.) Sinanan was ultimately seen by medical personnel and transported to an outside hospital. (Compl. Memo at 5.)

As a result of the attack, Sinanan sustained serious injuries, including blindness in one eye. He indicates that he completed the grievance process through all steps. (Compl. § VII & Exs. A-F.) He sues SCI Albion in its official capacity and Quinn in both his official and individual capacities. For relief, Sinanan requests "$500 million in monetary and punitive damages, a single inmate cell, and the costs paid for ongoing and future medical treatment. Also, all court costs." (Compl. § VI.)

C. **Standard of Review**

"Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). "This requires a plaintiff to plead "sufficient factual matter to show that the claim is facially plausible," thus enabling "the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)). While the complaint "does not need detailed factual allegations ... a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

As noted by the Third Circuit in *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011), a 12(b)(6) inquiry includes identifying the elements of a claim, disregarding any allegations that are no more than conclusions and then reviewing the well-pleaded allegations of the complaint to evaluate whether the elements of the claim are sufficiently alleged. When dismissing a civil rights case for failure to state a claim, a court typically must allow a plaintiff to amend a deficient complaint, irrespective of whether it is requested, unless doing so would be "inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alston v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).

"A document filed *pro se* is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation and quotation marks omitted); *see also Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a pro se litigant's pleadings is well-established.").

**D.  <u>Discussion</u>**

Sinanan brings his civil rights claims under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." Section 1983 does not create substantive rights, but instead provides remedies for rights established elsewhere. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). To establish a § 1983 claim, a plaintiff must establish that the defendants, acting under color of state law, are persons who deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995).

Plaintiff's claims are based on the Eighth Amendment, which, as made applicable to the states by the Fourteenth Amendment, prohibits the imposition of "cruel and unusual punishment" upon convicted prisoners. *See Estelle v. Gamble*, 429 U.S. 97, 101 (1976). Defendants assert that based upon their immunity under the Eleventh Amendment, all claims against SCI Albion and all claims against Quinn in his official capacity must be dismissed.

As the Supreme Court has stated, under the Eleventh Amendment, "federal jurisdiction over suits against unconsenting states was not contemplated by the Constitution when establishing the judicial power of the United States." *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996) (internal citation omitted). The immunity applies not only to the state itself,

but also to state agents and state instrumentalities. Thus, courts must examine the essential nature and effect of the proceeding, the nature of the entity created by state law or the issue of whether a money judgment against the instrumentality would be enforceable against the state to determine whether the instrumentality should be treated "as an arm of the state." *Regents of the Univ. of Calif. v. Doe*, 519 U.S. 425, 429-30 (1997).

The Pennsylvania Department of Corrections ("DOC") is an arm of the state for Eleventh Amendment immunity purposes. *See Lavia v. Pennsylvania, Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000). This doctrine also applies to SCI Albion, which is part of the DOC. *See Keys v. Pennsylvania*, 2011 WL 766978, at *8 (M.D. Pa. Jan. 19, 2011), *report and recommendation adopted*, 2011 WL 766950 (M.D. Pa. Feb. 25, 2011). In addition, SCI Albion is not a "person" for purposes of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989).

In his official capacity, Quinn is a state agent who is also entitled to Eleventh Amendment immunity with respect to damage claims. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). *See also Will*, 491 U.S. at 71 & n.10 (unless sued for injunctive relief, state officials in their official capacities are not "persons" for purposes of § 1983).

The Court of Appeals for the Third Circuit has held that Eleventh Amendment immunity is subject to three primary exceptions: (1) congressional abrogation, (2) waiver by the state, and (3) suits against individual state officers for prospective injunctive and declaratory relief to end an ongoing violation of federal law, that is, the doctrine of *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L.Ed.714 (1908). *Pennsylvania Federation of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002) (citation omitted).

None of these exceptions apply here. Section 1983 does not abrogate states' sovereign immunity. *Quern v. Jordan*, 440 U.S. 332, 339-46 (1979). In addition, Pennsylvania has not waived its Eleventh Amendment immunity to being sued in federal court. 42 Pa. C.S. § 8521(b); *Chittister v. Department of Cmty. & Econ. Dev.*, 226 F.3d 223, 227 (3d Cir. 2000).

As for the *Ex parte Young* exception, "a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Public Service Comm'n of Md.*, 535 U.S. 635, 645 (2002) (citation omitted). As noted above, Sinanan requests "$500 million in monetary and punitive damages, a single inmate cell, and the costs paid for ongoing and future medical treatment. Also, all court costs." (Compl. § VI.) Thus, he does not seek injunctive relief and the *Ex parte Young* exception does not apply.[1]

While Sinanan concedes that all claims against SCI Albion and the official capacity claims against Quinn should be dismissed (ECF No. 29 at 1-2), he argues that Defendants have "waived" any potential defenses they might have with respect to his claims against Quinn in his individual capacity. He bases this argument on the fact that Defendants have not denied the allegations of his Complaint or asserted affirmative defenses as to such claims.

In support of this argument, Sinanan cites Federal Rule of Civil Procedure 8(b) and 8(c), which discuss the pleading of denials and affirmative defenses. However, "a motion to dismiss is not a 'responsive pleading' within the meaning of the Rule." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Pursuant to Fed. R. Civ. P. 12(b), certain defenses may be asserted by a motion to dismiss, including the failure to state a claim on which

---

[1] While it could be argued that requests for a single cell or future medical treatment seek injunctive relief, Defendant Quinn, who is alleged to be a corrections officer and not in a supervisory, medical or administrative position, would not be in a position to effect such relief.

relief can be granted. Any such motion "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Because Defendants have filed a partial motion to dismiss under Rule 12(b)(6), their motion must be resolved before their responsive pleading is due.

"Under the Federal Rules of Civil Procedure, the timely filing of a motion to dismiss tolls the time allowed for filing an answer to the complaint." *Brobson v. Borough of New Hope*, 2000 WL 1738669, at *7 (E.D. Pa. Nov. 22, 2000) (citing Fed. R. Civ. P. 12(a)(4)). Moreover, "it is the majority view that when a party files a 'partial motion to dismiss,' the motion 'suspends the time by which [the party] must respond to the entirety of the [c]omplaint pursuant to Rule 12(a).'" *Doshi v. Blinken*, 2024 WL 3509486, at *9 (D.D.C. July 22, 2024) (citations omitted).

Thus, Defendants have not waived any potential defenses or denials with respect to Sinanan's claims against Quinn in his individual capacity. As the Federal Rules of Civil Procedure permit, they may assert defenses and denials in their responsive pleading to the Complaint after their motion to dismiss is resolved.

### E.  <u>Amendment</u>

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment, unless an amendment would be inequitable or futile. *Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017). Because sovereign immunity bars the claims against SCI Albion and Quinn in his official capacity, amendment would be futile.

### F.  <u>Conclusion</u>

For these reasons, it is respectfully recommended that Defendants' Partial Motion to Dismiss (ECF No. 16) be granted and that all claims against SCI Albion and all claims against Corrections Officer Quinn in his official capacity be dismissed with prejudice.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections by June 18, 2025. Any party opposing the objections shall file a response by July 2, 2025. Failure to file timely objections will waive the right of appeal.

Dated: June 4, 2025                                   s/Patricia L. Dodge
                                                     PATRICIA L. DODGE
                                                     UNITED STATES MAGISTRATE JUDGE

cc:    ALLAN LESLIE SINANAN, JR.
       QA-9625
       SCI ALBION
       10745 Route 18
       Albion, PA 16475-0001